**UNITED STATES of America,**
**Appellee,**

v.

**Daniel VERGARA, also known as Danny; Mercedes Alba, also known as Migalina; Dimas Ayala, also known as Junito; Sean Farrell; Luis Santos, Defendants,**

**Manuel Pena, also known as Manny,**
**Defendant–Appellant.**

**No. 01–1309.**

United States Court of Appeals,
Second Circuit.

Aug. 13, 2003.

Roy R. Kulscar, New York, NY, for Defendant–Appellant.

Richard C. Daddario, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, and Gary Stein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: POOLER, SACK, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendant–Appellant Manuel Pena appeals from a judgment of conviction following a jury trial. Pena claims that he received ineffective assistance from his trial counsel. Pena's primary argument is that counsel should have objected when the government vouched for some of the prosecution's witnesses by referencing the truth-telling provisions in their plea agreements. Pena also claims that his trial counsel provided ineffective assistance by presenting no case-in-chief and by failing to object to the government's presentation of cumulative evidence. We find Pena's challenges to be without merit, and therefore affirm.

At trial, the government presented evidence that Pena was the leader of a heroin trafficking organization that distributed hundreds of kilograms of heroin in the New York City area during the 1990s. The government called eighteen witnesses, including several cooperating witnesses. During opening arguments, the government mentioned that some of its witnesses were cooperating; it did not reference the truth-telling provisions at that time. Pena's counsel then vigorously challenged

the credibility of the cooperating witnesses during his opening statement. Indeed, Pena's counsel used this tactic as his defense strategy throughout the trial. In response to Pena's challenges to the cooperating witnesses' credibility, the government elicited information from those witnesses about their obligation under the cooperation agreement to testify truthfully. The government again referred to the truth-telling provisions during closing argument.

■ First of all, we find it proper to consider these ineffective assistance of counsel claims on direct appeal, since Pena is represented by new appellate counsel, and the facts, which are found in the trial record, are sufficiently well-developed for us to determine whether Pena's claims have any merit. *See United States v. Salameh*, 152 F.3d 88, 160 (2d Cir.1998) *(per curiam)*.

■ Although Pena relies on caselaw from our sister circuits, our Court's precedent forecloses his argument. We have held that the prosecution may introduce evidence about the bolstering aspects of plea agreements, such as truth-telling provisions, after the credibility of a witness has been attacked. *United States v. Cosentino*, 844 F.2d 30, 33 (2d Cir.1988). Moreover, we have held that the attack on a witness's credibility may come in an opening statement. *Id.* If the opening statement "sufficiently implicates the credibility of a government witness, ... testimonial evidence of bolstering aspects of a cooperation agreement may be introduced for rehabilitative purposes during direct examination." *Id.* Here, the defense's opening statement extensively attacked the credibility of the cooperating witnesses, and therefore, the prosecution did not err in questioning the witnesses about the bolstering aspects of the plea agreements or in mentioning the truth-telling provisions during closing arguments.

Pena's other arguments on appeal are equally unavailing. Given the strength of the prosecution's case, it is uncertain what defense would have been open to Pena other than attempting to attack the credibility of the cooperating witnesses. Pena also claims that his trial counsel failed to object to cumulative or otherwise prejudicial evidence, but his identification of such supposedly prejudicial evidence is unconvincing.

For these reasons, we affirm the judgment of the district court.